UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LINCOL MUNGUIA**                                   CASE NO. _____

**VERSUS**

**VARGAS, LLC AND
CARLOS VARGAS**

## COMPLAINT

Plaintiff Lincol Munguia an individual of the full age of majority who brings this complaint against Vargas, LLC and Carlos Vargas, stating the following:

### *Defendant*

1.

Made Defendants herein and liable unto Mr. Munguia are the following:

- Vargas, LLC, a Louisiana limited liability company with its principal place of business at 14769 Old Hammond Hwy, Baton Rouge, LA 70816; and

- Carlos Vargas, an individual of the full age of majority who is a resident of the State of Louisiana.

### *Jurisdiction and Venue*

2.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

3.

Mr. Munguia files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Vargas, LLC and Carlos Vargas are residents of this district.

*Plaintiff's Employment by Defendants*

5.

Defendants employed Mr. Munguia from about April 2005 through January 2021.

6.

During the time period relevant to this lawsuit, Mr. Munguia was employed as a painter for Defendants. Mr. Munguia was most recently paid $15.00 per hour for his work.

7.

At all times, Defendants would supervise and check the quality of work of Mr. Munguia, and if needed would direct Mr. Munguia to correct any defective work.

8.

Defendants had the power and authority to hire and fire Mr. Munguia.

9.

The Defendants established the daily schedule for Mr. Munguia.

10.

Defendants provided personnel on the jobsite who were the direct supervisors of Mr. Munguia.

11.

Defendant Vargas, LLC would issue paychecks directly to Mr. Munguia.

12.

Mr. Munguia was the employee of the Defendants during the time period to which this

action pertains.

13.

Mr. Munguia would generally work from 7:00am until 4:00pm Monday-Sunday for Defendants. Occasionally, Mr. Munguia would work additional hours.

14.

Despite the fact that Mr. Munguia was a non-exempt employee under the Fair Labor Standards Act, he was never paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week.

15.

Vargas, LLC is a limited liability company organized under the laws of the State of Louisiana. On information and belief, Vargas, LLC is a manager-managed limited liability company.

16.

At all times relevant herein, defendant Carlos Vargas was the managing member of Vargas, LLC. Upon information and belief, Carlos Vargas established Vargas, LLC's policy not to pay overtime compensation to certain employees.

17.

Vargas, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant Vargas, LLC has annual revenue that exceeds $500,000.00. The employees of Vargas are engaged in interstate commerce, as they handle tools (e.g., paint brushes, paint sprayers) and materials (paint) manufactured outside of Louisiana on a daily basis.

18.

Defendants are Mr. Munguia's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

19.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half times the employee's regular rate for all hours worked in excess of 40 hours per week.

20.

The Defendants have willfully refused to pay overtime to Mr. Munguia for hours worked in excess of 40 hours per week in an attempt to extract a higher profit margin for the Defendants.

**WHEREFORE,** plaintiff prays that there be service and citation upon the defendants, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiff and against the defendants, Vargas, LLC and Carlos Vargas, *in solido*, for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

/s/ *Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Blvd., Suite A
Baton Rouge, LA 70802
Telephone: (225) 336-3394
Facsimile: (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*